IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ALBERT JOHNSON,                    §
TDCJ #642957,                      §
                                   §
            Petitioner,            §
                                   §
v.                                 §          CIVIL ACTION NO. H-08-1617
                                   §
NATHANIEL QUARTERMAN, Director,    §
Texas Department of Criminal Justice - §
Correctional Institutions Division, §
            Respondent.            §

## MEMORANDUM AND ORDER

State inmate Albert Johnson (TDCJ #642957) has filed a petition under 28 U.S.C. §2254, seeking a federal writ of habeas corpus to challenge the revocation of his supervised release from prison.  The respondent has answered with a motion for summary judgment, arguing that Johnson is not entitled to relief because his petition is barred by the governing one-year statute of limitations, among other things.  (Doc. # 11).  Johnson has filed a response.  (Doc. # 15).  After considering all of the pleadings, the state court records, and the applicable law, the Court **grants** the respondent's motion and **dismisses** this case for reasons set forth below.

## I.      BACKGROUND

On November 10, 1992, Johnson was convicted in the 212nd District Court of Galveston County, Texas, of delivering a controlled substance, namely, cocaine, in cause number 92-CR-0883.  The indictment in that case was enhanced for purposes of punishment

with allegations that Johnson had at least two prior felony convictions, including one conviction for sexual assault in Galveston County cause number 87-CR-0205. Johnson pleaded *nolo contendere* to the cocaine charges against him in cause number 92-CR-0883, and admitted that the enhancement allegations were true. As a result, the trial court sentenced him to serve twenty-five years in prison.

Johnson, who is presently in custody of the Texas Department of Criminal Justice at the Stringfellow Unit in Rosharon, Texas, does not challenge any of his prior convictions here. Instead, Johnson challenges the revocation of his parole on September 15, 2006. The record shows that Johnson was released onto the form of parole known as mandatory supervision on June 23, 2006,[1] but that his parole was revoked after he failed to comply with conditions of release applicable to convicted sex offenders. In that respect, officials testified

---

[1]    There are two ways in which a prisoner becomes eligible for early release from confinement under Texas law. The first is by "parole" and the second is "mandatory supervision" release. "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6) (Vernon 2004). "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007). Regardless of the distinction, once an inmate is released to mandatory supervision, he is considered to be on parole. *See Jackson*, 475 F.3d at 263, n.1 (citing TEX. GOV'T CODE § 508.147(b); *Coleman v. Dretke*, 395 F.3d 216, 219, n.1 (5th Cir. 2004)). Because the distinction has no meaningful difference in this case, the Court will use the terms parole and mandatory supervision interchangeably for purposes of this order.

that Johnson was terminated from a sex offender treatment program for disrupting classes, failing a polygraph, and refusing to participate in therapy as required.

Johnson's pending federal habeas corpus petition, which was executed by him on May 20, 2008, presents several related grounds for relief.  Johnson complains that his parole revocation was unlawful because he did not breach the conditions of his release and that officials abused their authority by revoking his parole.  The respondent argues that the federal habeas corpus petition must be dismissed because Johnson's petition is barred by the governing one-year statute of limitations.  Alternatively, the respondent asserts that Johnson is not entitled to relief because he failed to exhaust available state court remedies and because his claims are without merit.  The parties' contentions are addressed below under the applicable legal standard, beginning with the governing statute of limitations on federal habeas corpus review.

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

The respondent maintains that the pending federal habeas corpus petition must be dismissed because it is untimely.  According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d).  Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

3

In this case, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(D), on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Johnson became aware of the factual predicate for his claims on September 15, 2006, when his supervised release was revoked.  That event triggered the statute of limitations, which expired one year later on September 15, 2007.  The pending federal habeas petition, executed by Johnson on May 20, 2008, is late by more than seven months and is therefore time-barred unless he shows that a statutory or equitable exception applies.

### A.   Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period.  *See Artuz v. Bennett*, 531 U.S. 4 (2000).  The state court records show that, following his parole revocation on September 15, 2006, Johnson filed a state habeas corpus application on March 22, 2007.  The Texas Court of Criminal Appeals dismissed this application, however, on May 23, 2007, for failure to comply with procedural rules. *See Ex parte Johnson*, No. 67,533-02.  Because this application was not properly filed, it does not toll the statute of limitations.  *See Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004).

Johnson notes that he filed more than one request for a writ of mandamus in May of 2007, and April of 2008.  To the extent that these petitions did not seek review of Johnson's revocation proceeding, they did not constitute "other collateral review" for purposes of 28 U.S.C. § 2244(d)(2) and did not toll the limitation period. *See Moore v. Cain*, 298 F.3d 361,

4

366-67 (5th Cir. 2002).  To the extent that these requests were filed after the limitations period had already expired, they had no tolling effect for purposes of § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Johnson presents no other basis for statutory tolling and the record fails to disclose any.  In that regard, Johnson has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner.  *See* 28 U.S.C. §2244(d)(1)(B).  Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence.  *See* 28 U.S.C. §2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

## B.    Equitable Tolling

Johnson has filed a response to the respondent's motion for summary judgment, but he does not explain the delay in this case or request equitable tolling, which is an extraordinary remedy that is only sparingly applied.  *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).  Nevertheless, the Fifth Circuit has held that the statute of limitations found in the AEDPA may be equitably tolled at the district court's discretion where "exceptional circumstances" are present.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In that respect, the Fifth Circuit has limited the doctrine of equitable tolling to apply "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Melancon v.*

5

*Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Assuming that the AEDPA allows it, the Supreme Court has observed that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, — U.S. —, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The habeas petitioner bears the burden of establishing that equitable tolling is warranted. *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (citing *Alexander v. Cockrell*, 294 F.3d 626, 269 (5th Cir. 2002)). Johnson does not meet that burden here and the record does not disclose any extraordinary circumstance or excuse for the extended period of delay between the parole revocation on September 15, 2006, and the pending federal habeas corpus petition executed by Johnson on May 20, 2008. It is well established that equitable tolling is not available where, as here, the petitioner squanders his federal limitations period. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

Although Johnson has represented himself on state habeas corpus review and in this federal proceeding, the Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition. *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 n.13 (5th Cir. 2002); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ). The petitioner's incarceration and ignorance of the law

6

do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling). Given Johnson's lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000). Johnson has not established that he is entitled to any tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.[2]

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of

---

[2]   Alternatively, the respondent argues that Johnson failed to exhaust remedies as a prerequisite to federal habeas review by presenting his claims to the state courts in a procedurally proper manner. *See* 28 U.S.C. § 2254(b). As noted above, the record confirms that the Texas Court of Criminal Appeals dismissed Johnson's state habeas corpus application for failure to comply with Texas procedural rules. Thus, the state courts were denied an opportunity to address Johnson's claims on the merits. As a result, Johnson's federal petition is unexhausted and is subject to dismissal for this additional reason. *See Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *see also Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001) ("The law is well established that a state prisoner seeking to raise claims in a federal petition for habeas corpus must first present those claims to the state court and must exhaust state court remedies."). As the respondent also notes, the record contains ample proof in support of the revocation and that Johnson does not demonstrate that his parole was revoked without due process. Because the petition is plainly barred by the governing statute of limitations, the Court does not address the respondent's remaining arguments further.

7

appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

8

The statute of limitations on federal habeas corpus review has been the law for over ten years, since April of 1996.  The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim.  Therefore, a certificate of appealability will not issue.

**IV.  CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.  The respondent's motion for summary judgment (Doc. # 11) is **GRANTED**.

2.  The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

3.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on December 22, 2008.

Nancy F. Atlas
United States District Judge

9